Ural Edward Wilson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-325-CR

URAL EDWARD WILSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
Introduction

A jury convicted Appellant Ural Edward Wilson of assault bodily injury of a family member or household member.  In two points, he alleges that the trial court erred by admitting hearsay testimony and that the evidence is insufficient to support his conviction.  We affirm.

II. 
Factual Background

On August 13, 2001, Patricia Medlin, the complainant, returned home from her job at Red Lobster.  At the time, she was living with Wilson, who was her fiancé, Wilson’s mother, and Wilson’s son, Justin.  Medlin sat down and began watching a movie.  Wilson interrupted the movie, complaining because Medlin had driven the truck to work instead of the car. 
 The argument escalated, and Medlin went to her room to call a friend.

When Medlin returned, Wilson continued to argue with her.  
Medlin then decided to call her son to tell him that she was moving out because the situation was “just getting too volatile.”
  As Medlin rummaged through her purse to find her son’s phone number, Wilson said, “[S]ince you want to leave I got something you can take with you.” 
 He then hit Medlin numerous times with his fist. 
 When Wilson saw the blood on Medlin’s face, he stopped hitting her. 
 He threw her a towel and told her to go to the bathroom and clean up. 
 After Medlin washed her face, Wilson took her to a room he referred to as the “pastor’s study” and lectured her about the unreasonableness of her behavior. 

Medlin eventually snuck out of the house and went to her daughter’s home across town. 
 An unidentified person called the police. 
 Medlin awoke when the police arrived at her daughter’s house to investigate the assault.

Officer Wade Walls responded to the domestic disturbance call that night and found Medlin, who appeared to have been assaulted. 
 She had extremely swollen lips, her left eye was almost swollen shut, and it seemed like her teeth were loose because he had a difficult time understanding her speech. 
 Medlin described the assault to Officer Walls, including the fact that it had occurred at a different location.  Officer Walls, however, did not immediately arrest Wilson because his first concern was getting Medlin medical attention. 
 Officer Walls admitted that he did not go investigate at the home where the assault allegedly occurred or talk to anyone else who might have witnessed it.

Wilson testified in his own defense and claimed that Medlin came home from work, woke him up, and started yelling at him for not picking up a U-Haul trailer. 
 To avoid an argument, he pushed her out of the room, locked it, and then started praying. 
 Wilson eventually went to talk to Medlin, but she started screaming and brandished an ice pick. 
 Wilson testified that “she drew it back and came at me with it,” but he also testified that he never told these facts to the police.  Wilson 
admitted that Medlin had a scratch on her cheek and a bruise on her eye. 
 He said these injuries occurred when Medlin came at him with the ice pick and he hit her with the back of his hand.

Wilson received a self-defense instruction in the jury charge; however, the jury rejected his self-defense theory and found him guilty of assault bodily injury to a family member or household member.  The court set punishment at three hundred days’ confinement.

III.  
Hearsay Testimony

In his first point, Wilson complains that the trial court erred by admitting hearsay testimony of Officer Walls, who was the first officer to speak with Medlin.  The State responds that Wilson has failed to preserve this complaint for our review because he did not timely object to Officer Walls’s testimony.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party must have objected to the refusal.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

Here, Wilson failed to make a hearsay objection when Officer Walls began testifying about the contents of Medlin’s statements to him.  No hearsay objections were lodged when Officer Walls testified about Medlin’s version of the assault. 
 Thus, Wilson has failed to preserve this hearsay complaint for our review.  
See
 
Tex. R. App. P
. 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Wilson’s first point is overruled.

IV. 
Sufficiency of the Evidence

In his second point, Wilson argues that the evidence is legally insufficient to support his conviction.
(footnote: 2)  He specifically alleges that the State failed to prove that he intentionally or knowingly caused bodily injury to Medlin.  The State responds that the evidence is legally sufficient to support Wilson’s conviction.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and also would have found against appellant on the issue of self defense beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997); 
Adelman v. State
, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

In determining the legal sufficiency of the evidence to show appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State, 
819 S.W.2d 839, 846 (Tex. Crim. App. 1991)
.

After reviewing the record according to the above standard, we conclude that the evidence is legally sufficient to support Wilson’s conviction.  Medlin testified that Wilson got more upset when she said she was leaving, and he told her, “[S]ince you want to leave I got something you can take with you.”  Both Medlin and Officer Walls described the severity of the assault, which ended only after Medlin’s face was covered in blood.  Furthermore, although Wilson testified that Medlin attempted to stab him with an ice pick, Wilson never reported that version of the events to the police and Medlin testified that no ice pick was involved in the altercation.  The jury was free to believe or disbelieve the evidence presented and could have reasonably concluded that Wilson assaulted Medlin and that the State disproved Wilson’s claim of self defense.  Thus, the evidence is legally sufficient to support Wilson’s conviction.  Wilson’s second point is overruled.

V. 
Conclusion

Having overruled both of Wilson’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 15, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
A factual sufficiency of the evidence challenge is “properly raised” 
if it is specified in a separate point; thus, a point raising only “sufficiency” and citing only 
Jackson 
is a legal sufficiency point.  
Clewis v. State
, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996); 
Davila v. State
, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref’d).